CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 4 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:07CR00082 |
| | (CASE NO. 7:16CV81120) |
| v. | MEMORANDUM OPINION |
| MARQUES ALLEN BAKAITIS, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Marques Allen Bakaitis, a federal inmate proceeding pro se, filed a letter to the court (ECF No. 34) asking for reconsideration of his career offender sentence under "the Johnson case." See Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that part of the Armed Career Criminal Act definition of "crime of violence" is unconstitutionally vague). Based on the nature of his claims, the court construed and docketed his submission conditionally as his initial § 2255 motion. Because Bakaitis has not responded to the conditional filing order entered in this case, the court now dismisses his § 2255 action without prejudice.

A district court must offer the defendant an opportunity to elect whether or not he objects to the court's stated intention to address his post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). In making this decision, the defendant should consider particularly § 2255(f) (setting time limit for defendant to file a § 2255 motion) and § 2255(h) (limiting defendant's ability to file second or successive § 2255).

In this case, the court notified Bakaitis that his letter about Johnson had been construed as a § 2255 motion, advised him of the statute of limitations and successive petition provisions of that statute, and gave him two options (1) to submit his written object to the court's construction of his submission as a § 2255 motion or a motion to withdraw his § 2255; or (2) to elect to

proceed under § 2255 *by filing a properly executed § 2255 motion*.  The court also advised Bakaitis that if he failed to respond to the order, either by objecting or by submitting a properly signed § 2255 motion, the conditionally filed letter/§ 2255 motion would be dismissed without prejudice.

The response time has elapsed, and Bakaitis has had no further communication with the court.  Because he has neither objected to, nor adopted, the conditional construction of his submission as a § 2255 motion, his § 2255 motion will be dismissed without prejudice.  An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 4th day of August, 2016.

_____
Chief United States District Judge